Where the authority of the officers of a corporation to execute certain deeds is questioned, and it appears that no record of the directors' meetings has been made, or that the minute book containing such records has been lost, it is error to refuse to allow oral testimony to show such authorization.

Appeal from District Court, Torrance County; Medler, Judge.

Suit to quiet title by the Abo Land Company against James P. Dunlavy and Porter H. Hower. Disclaimer by defendant Dunlavy, and judgment for plaintiff against defendant Hower, and he appeals. Reversed, and new trial granted.

HARRY S. BOWMAN, of Santa Fe, for appellant.

RODEY & RODEY, of Albuquerque, for appellee.

OPINION OF THE COURT.

RAYNOLDS, J.    This is a suit to quiet title in the plaintiff for certain real estate located at Mountainair, N. M.    The complaint alleges title in the plaintiff, and states that defendants claim some title or interest therein adverse to the plaintiff.    The defendant Dunlavy entered a disclaimer as to any right, title, or interest in the land in question, and defendant Hower denied the allegations of the complaint and set up title in himself by virtue of two deeds from the plaintiff corporation to him.
    Plaintiff in its reply denies:

That the deeds in question "are in truth or in fact the genuine deed or deeds of the plaintiff.   *   *   *   And if the signatures and seals on or to such alleged deeds, or either of them, are in truth and in fact the genuine signatures and the seal of the officers and this plaintiff, then the plaintiff alleges that the same were, through conspiracy, wrongfully and fraudulently obtained without any consideration by the defendant from some one or more of the then officers, or supposed officers, of the plaintiff, and with full knowledge of such facts and fraud on the part of the defendant."

The case went to trial on this state of the pleadings, and the court found:

"That the plaintiff was the owner in fee of the property; that defendant had no right or title to the property; that the two alleged deeds held by the defendant Hower are null and void and are not in truth or in fact the deeds of the plaintiff corporation, and should be given up for cancellation."

The court decreed and quieted title in the plaintiff, and ordered the deeds delivered up to be canceled.
    The defendant requested the court to make findings of fact as follows:

"That the defendant Hower was a bona fide purchaser for value; that the deeds were regular and legal in form, execution, description and delivered for a good, legal, and valid consideration; that no fraud or collusion has been proven against the grantee, Hower; that the plaintiff had permitted the same officers who executed the deeds in question to execute all their deeds for land which they were selling, and that their business was selling town lots."

The court failed to rule upon this request for findings, and no exception was saved to its action in this respect. No specific findings, except those found in the judgment, were made or asked for by the plaintiff. The trial judge at the close of the case, when giving judgment for the plaintiff, stated that there was nothing to show that the officers had any power to execute the first deed, and that they were not officers of the company at all at the time of the execution of the second deed.

The appellant assigns 23 errors, most of which are directed to the admission of evidence, or the refusal of the trial court of offers made by the defendant. We do not deem it necessary to pass upon all these assignments, as it is apparent from the judgment of the court that the evidence objected to and admitted or offered, and the offer denied, were not considered by the court, except as hereinafter stated.

The decision of the court as shown by the judgment and the remarks of the judge in deciding the case was based upon the proposition that the officers in question were not authorized or empowered to execute the deeds, and that therefore these deeds were null and void as far as the plaintiff corporation was concerned. This action of the court is assigned as error, and we think the point well taken. As shown by the record and exhibits at the time the deeds in question were made, James P. Dunlavy was president, and William M. McCoy was secretary. The second deed was dated August 26, 1915, and the successors of these two officers were not elected until October 16, 1915, as shown by the minutes of the meetings introduced in evidence. By statute they were officers until others had been chosen and qualified in their stead. Code 1915, § 896. The first deed was dated December 23, 1913, and it appears throughout the testimony, and is uncontradicted, that at that time the same officers were acting as president and secretary of the plaintiff corporation. The by-laws of the corporation, sections 3 and 5, offered in evidence, provide the presi-

dent shall sign all deeds and the secretary shall countersign them.

The appellant offered to prove by the witness Dunlavy that the board of directors had authorized the president and secretary to make said deeds, stating at the same time that the minutes of the directors' meetings had been lost. The court refused to allow the testimony offered to be given, which refusal is assigned as error.

"A corporation may enter into a written contract under seal without a formal vote or written entry of the vote by the directors. Where the directors are present and all assent to the execution of the contract, this is sufficient proof of corporate resolutions or votes, and the votes of the directors are made by producing the original minutes or record books of the corporation. * * * Where the record book is lost, or no record was ever made, secondary evidence may be resorted to." Cook on Corporations (7th Ed.) vol. 3, par. 714, pp. 2471, 2472, and cases cited.

The court therefore erred in refusing the offer made by the defendant to prove the authority of the president and secretary to make the deeds in question, and the case should be reversed and a new trial granted upon that ground.

There are other errors assigned which we think were well taken, but they need not be considered.

For the reasons above stated the case is reversed, and a new trial granted; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.

---

[No. 2200, May 28, 1918.]
[On Rehearing, May 8, 1919. Second Motion for Rehearing
Denied June 7, 1919.]
PACE v. WIGHT.

SYLLABUS BY THE COURT.

1. The curative provision of section 25, c. 22, Laws 1899, relative to tax sales, does not apply to jurisdictional defects.
P. 279